

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Sam Thypin-Bermeo*
*Assistant United States Attorney*

STB/PL AGR
2023R00585

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

December 9, 2025

Patrick Joyce, Esq.
658 Ridgewood Road
Maplewood, NJ 07040
973.996.2121

Re:    Plea Agreement with Antonio Hunt

Dear Counsel:

This letter sets forth the plea agreement between your client, Antonio Hunt ("Hunt" or the "Defendant"), and the Acting United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **December 22, 2025**, if it is not accepted in writing by that date. If Hunt does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Hunt to a one-count Information, which charges Hunt with dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A). If Hunt enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Hunt for his possession or transfer of firearms from in or around April 5, 2023 through in or around April 8, 2024, in Passaic County, Morris County, and Essex County.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Hunt even if the applicable statute of limitations period for those charges expires after Hunt signs this agreement, and Hunt agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §§ 922(a)(1)(A) to which Hunt agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses. The prison sentence on Count One of the Information may run consecutively to any prison sentence Hunt is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Hunt is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Hunt ultimately will receive.

Further, in addition to imposing any other penalty on Hunt, the sentencing judge as part of the sentence:

1. will order Hunt to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

2. may order Hunt to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

3. must order forfeiture, pursuant to 18 U.S.C. § 924 and 21 U.S.C. § 853;

4. may deny Hunt certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and § 862a;

5. may require Hunt to serve on Counts One and pursuant to 18 U.S.C. § 3583, a term of supervised release of not more than three years. Any term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Hunt be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Hunt may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously

- 2 -

served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Hunt's acceptance of responsibility, Hunt agrees to forfeit to the United States: pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offenses charged in Count One of the Information, including, but not limited to the following items seized between in or around April 5, 2023 through in or around April 8, 2024:

1. One (1) Diamondback Arms, model DB-15, multi-caliber semi-automatic rifle, bearing serial number DB2014835;
2. One (1) Anderson Manufacturing, AM-15, multi-caliber semi-automatic rifle, bearing serial number 22050400;
3. One (1) Glock, model 22GEN4, .40 caliber semi-automatic pistol, bearing serial number AECG632;
4. One (1) Anderson Manufacturing, AM-15, multi-caliber, bearing serial 22051591;

(collectively, the "Specific Property").

Hunt acknowledges that the Specific Property is subject to forfeiture as firearms involved in or used in the violations charged in Count One of the Information.

Hunt waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Hunt consents to the entry of a forfeiture order that, in this Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Hunt understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Hunt of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Hunt further understands that Hunt has no right to demand that any forfeiture of Hunt's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Hunt waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Hunt also consents to the administrative and/or civil judicial forfeiture of the Specific Property. Hunt agrees that Hunt will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property

and will not cause or assist anyone else in doing so. To the extent Hunt has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Hunt further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Hunt further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Hunt's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Hunt by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Hunt's activities and relevant conduct with respect to this case.

Stipulations

This Office and Hunt will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Hunt waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Hunt understands that, if Hunt is not a citizen of the United States, Hunt's guilty plea to the charged offenses will likely result in Hunt being subject to immigration proceedings and removed from the United States by making Hunt deportable, excludable, or inadmissible, or ending Hunt's naturalization. Hunt understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Hunt wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Hunt's removal from the United States. Hunt understands that Hunt is bound by this guilty plea regardless of any immigration consequences. Accordingly, Hunt waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Hunt also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hunt. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Hunt from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Hunt and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Special Counsel

By:      _/s/ Sam Thypin-Bermeo_
Sam Thypin-Bermeo
Assistant U.S. Attorney

APPROVED:

Kendall R. Randolph
Deputy Chief, Organized Crime/Gangs Unit

I have received this letter from my attorney, Patrick Joyce, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date:  12/10/25
Antonio Hunt
Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date:  12/10/25
Patrick Joyce, Esq.
Counsel for Defendant

Plea Agreement with Antonio Hunt

Schedule A

1.      This Office and ANTONIO HUNT agree to stipulate to the following facts:

a. From in and around in or around April 2023 through in or around April 2024, Antonio Hunt devoted time, attention, and labor to selling firearms as a trade or business with the intent of making profits through the repeated purchase and sale of firearms.

b. From in and around April 2023 through in or around April 2024, Antonio Hunt lacked a license to deal in firearm.

c. On or about April 5, 2023, HUNT sold a Diamondback Arms, model DB-15, multi-caliber semi-automatic rifle, bearing serial number DB2014835, to an undercover law enforcement officer (the "UC") for $1,500.

d. On or about April 21, 2023, HUNT sold an Anderson Manufacturing, AM-15, multi-caliber semi-automatic rifle, bearing serial number 22050400 ("Anderson Manufacturing Rifle"), and a case to the UC for $2,000.

e. On or about May 11, 2023, HUNT sold a Privately Made Firearm – a 9mm caliber semi-automatic pistol, bearing no serial number ("PMF-1"), a .38 special caliber revolver, bearing serial number 13283, ("Revolver"), and 18 rounds of ammunition to the UC for $2,300.

f. On or about August 28, 2023, HUNT sold a Glock, model 22GEN4, .40 caliber semi-automatic pistol, bearing serial number AECG632, ("Glock") to the UC for $1,000

g. On or about January 25, 2024, HUNT sold a Privately Made Firearm -- a 9mm caliber semi-automatic pistol, bearing no serial number ("PMF-2") – to the UC for $1,000.

h. On or about April 8, 2024 HUNT sold an Anderson Manufacturing, AM-15, multi-caliber, bearing serial 22051591, ("Camo Anderson Rifle") to the UC for $2,500

2.      To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.      The parties agree that a term of 0 to 24 months of incarceration, (the "Stipulated Sentence") is reasonable taking into account all of the factors set forth

- 8 -

in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Sentence will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Sentence.

4.    If the District Court imposes a term of imprisonment within the Stipulated Sentence:

a.    This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.    HUNT will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

c.    These waiver provisions, however, do not apply to:

i.    Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for HUNT's offense of conviction;

ii.    Any proceeding to revoke the term of supervised release;

iii.    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

iv.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.